IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:01-cr-30073-DWD |
| | ) |
| JOSEPH D. CASTELLANO and | ) |
| THE JOSEPH DANIEL COMPANY, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

The defendants in this case were convicted of crimes related to a long-term conspiracy to defraud victims in the construction industry. On October 29, 2002, the Court ordered the defendants to pay restitution in the amount of $1,847,964.25, pursuant to 18 U.S.C. § 3664. (Doc. 113) In the Order, the Court also instructed that "[r]estitution shall be paid from the funds seized by the Federal Bureau of Investigation on a pro rata basis among the victims." (Doc. 113 at 6)[1] On August 23, 2021, Defendant Joseph D. Castellano filed a Notice Regarding Restitution, in which he argues that the above-quoted language means that restitution should only be paid out of the funds seized by the FBI. (Doc. 237 at 1) Castellano reports that he has been making monthly restitution payments of $100 and that he wishes to discontinue his payments and have previous payments refunded to him. (Doc. 237 at 1) The United States of America has responded to

---

[1] Document 113 appears to have been entered into CM/ECF with its pages out of order. For ease of reference, this Order refers to specific page numbers in Document 113 according to its pagination in CM/ECF, not its original pagination.

Castellano's Notice (Doc. 242), and Castellano has made additional arguments. (Doc. 240)

Courts are to issue restitution orders "without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Restitution orders may direct defendants to make a "single, lump-sum payment" or "partial payments at specified intervals," among other options. 18 U.S.C. § 3664(f)(3)(A). "If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant." 18 U.S.C. § 3664(h).

In its October 29, 2002, Order, the Court entered judgment against each of the defendants for the full amount of restitution. (Doc. 113 at 5) The funds seized by the FBI were in bank accounts in the name of "J.D. & Company" and were forfeited against Defendant The Joseph Daniel Company. (Docs. 109 & 133 at 2) They totaled $267,780.41. These were the funds that the Court directed to be distributed "on a pro rata basis among the victims." (Doc. 113 at 6) Castellano himself was ordered to fulfill his restitution obligations by making monthly payments. (Doc. 175 at 7) His monthly payments were reduced on September 22, 2010. (Doc. 234)

Castellano argues that the Court's instructions regarding the funds seized by the FBI mean that restitution should only be paid out of those funds and that he has no obligation to pay restitution out of his own personal funds. (Doc. 240 at 1–2) However, this conclusion is out of step with the rest of the Order. The Order states explicitly that the three defendants are "jointly and severally liable for the full amount of the judgment

2

entered against them." (Doc. 113 at 5) According to the Order, the judgments against the defendants "will be satisfied at such time as the entire restitution award of $1,847,964.25 has been paid." (Doc. 113 at 5–6) The funds seized by the FBI are only a fraction of the total amount of restitution owed. While the language on which Castellano relies directs how the funds seized by the FBI should be distributed, it does not indicate that those funds will satisfy the defendants' restitution obligations. Indeed, such a conclusion conflicts with the portions of the Order making all three of the defendants liable for the full amount of restitution. Castellano shall continue his monthly restitution payments in accordance with the terms of his supervised release.

For these reasons, to the extent that Castellano's Notice (Doc. 237) is a request to discontinue restitution payments and have previous payments refunded to him, it is **DENIED**.

**SO ORDERED.**

Dated: November 12, 2021

_____
DAVID W. DUGAN
United States District Judge